UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DWAYNE CLARK, *pro se*,

     Plaintiff,

   -against-

EXPERIAN, and EQUIFAX CREDIT SERVICES,

     Defendants.
-------------------------------------------------------x

**SUMMARY ORDER**
13-CV-02418 (DLI)(RLM)

**DORA L. IRIZARRY, U.S. District Judge:**

  In this action, *pro se* plaintiff Dwayne Clark ("Plaintiff") asserts claims against Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian," and collectively with Equifax, "Defendants") pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Compl., Docket Entry No. 1.) Experian has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 10.) Equifax separately requests to join in Experian's motion to dismiss on the basis that Plaintiff's allegations against it suffer from the same deficiencies identified in Experian's motion. (Docket Entry No. 20.) For the reasons stated below, Experian's motion to dismiss is granted, the complaint is dismissed without prejudice, and Plaintiff is granted leave to file an amended complaint with the Court by no later than September 30, 2013.

## DISCUSSION

  In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555)).

Here, the complaint provides only boilerplate assertions that Defendants committed "violations" and "failed to comply with the requirements" of the FCRA (Compl. ¶¶ 9-11, 14-15, 17-18), which are conclusory to the extreme and do not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (citation and internal quotation marks omitted)). For instance, the complaint fails to identify with specificity any errors or inaccuracies in Plaintiff's credit file or otherwise set forth factual allegations concerning Defendants' wrongful conduct. Because Plaintiff has failed to plead sufficient facts to state a claim under the FCRA, the complaint is dismissed as to all Defendants. In light of his *pro se* status, however, Plaintiff is

granted leave to file an amended complaint setting forth sufficient factual allegations to support a plausible claim under the FCRA.

## CONCLUSION

For the reasons stated above, the motion to dismiss is granted, the complaint is dismissed without prejudice as to both Equifax and Experian, and Plaintiff is granted leave to file an amended complaint. In order for this action to continue, PLAINTIFF MUST FILE AN AMENDED COMPLAINT NO LATER THAN SEPTEMBER 30, 2013. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. For the convenience of Plaintiff, a copy of instructions on "How to Amend Your Complaint" is attached. If Plaintiff fails to comply with this Order within the time allowed, the complaint will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to hold the closing of this case in abeyance pending Plaintiff's compliance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
       August 28, 2013

                                          _____/s/_____
                                              DORA L. IRIZARRY
                                            United States District Judge